NORTHERN DISTRICT OF TEXAS
FILED

DEC 27 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONALD SALMOND, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-526-A |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER, SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Before the court for decision is the complaint of plaintiff, Ronald Salmond, Sr., in which he seeks judicial review of the final decision of the Acting Commissioner of Social Security, Carolyn W. Colvin ("Commissioner"), to deny plaintiff's claims for a period of disability and disability insurance benefits and for supplemental security income. Having considered the administrative record, the record in the above-captioned action, the proposed findings and conclusions and recommendation of Magistrate Judge Jeffrey L. Cureton, and pertinent legal authorities, the court has concluded that the Commissioner's decision should be affirmed.

I.

Background

On January 16, 2015, the Administrative Law Judge ("ALJ") decided that "[b]ased on the application for a period of disability and disability insurance benefits protectively filed on May 13, 2013, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act" and that "[b]ased on the application for supplemental security income protectively filed on May 13, 2013, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act." Doc. 32 at 33.[1] On May 18, 2015, the Appeals Council denied plaintiff's request for review, and the January 16, 2016 decision of the ALJ became the final decision of the Commissioner. Id. at 6.

On July 20, 2015, Plaintiff initiated this action by filing his complaint in this court. Doc. 1. The matter was referred to the United States Magistrate Judge for proposed findings and conclusions and a recommendation for disposition. On January 7, 2016, the Magistrate Judge ordered that plaintiff's complaint be treated as an appeal from the Commissioner's decision and fixed a timetable for the filing of briefs. Doc. 35. Both sides filed briefs. Docs. 36 & 39.

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced documents on the docket of the above-captioned action.

On December 1, 2016, the Magistrate Judge issued his proposed findings and conclusions and his recommendation ("FC&R") that the decision of the Commissioner be reversed and remanded for further administrative proceedings consistent with his proposed findings of fact and conclusions of law. Doc. 40 at 12. On December 14, 2016, the Commissioner filed a response to the FC&R. Doc. 42. On December 23, 2016, plaintiff replied to the response. Doc. 43.

II.

Positions Taken on Appeal

A. Plaintiff's Brief

In his brief filed with the magistrate judge, plaintiff identified the following issues for resolution:

> A. The ALJ's finding that Plaintiff's mental impairments did not satisfy the de minimis level of step 2 severity is contrary to Agency policy, circuit precedent, and every single medical opinion of record.
>
> B. There was compelling record evidence of diabetic neuropathy, affecting the functioning of Plaintiffs hands and feet, which warrants remand for proper consideration.

Doc. 36 at 2.

In summary, plaintiff argued that the ALJ erred at step two[2] by failing to conclude that plaintiff's mental disability is severe, and that, in any event, evidence presented for the first time to the Appeals Council established that plaintiff suffers from diabatic neuropathy to the extent that the case should be remanded for the ALJ to consider the specific functional effects of the diabetic neuropathy.

In support of his contention that the ALJ erroneously concluded that plaintiff's mental impairment was not severe, plaintiff said that "every single medical opinion of record, including from 3 of SSA's own [medical experts], confirm that Plaintiff more than satisfied the de minimis threshold of step 2 severity." Doc. 36 at 3. In plaintiff's view, such opinions in favor of a finding that plaintiff's mental impairments were severe were irrefutable.

---

[2]The five-step evaluation process the ALJ used to determine whether a claimant is disabled is set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). See Doc. 32 at 25-26; Tr. at 11. First, the claimant must not be presently working at any substantial gainful activity, id. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i); second, the claimant must have an impairment or combination of impairments that qualify as a severe impairment, id. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii); third, the claimant's impairment(s) must meet or equal an impairment listed in appendix 1 to the regulations, id. Pt. 404, Subpt. P, App. 1, 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); or, fourth, the claimant's impairment(s) must prevent the claimant from doing his past relevant work, 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv); and fifth, the claimant's impairment(s) must prevent him from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience, id. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. Crowley v. Apfel, 197 F.3d 194, 198 (5th Cir. 1999). The burden shifts to Commissioner at step five to show that there is other gainful employment the claimant is capable of performing despite his impairment(s). Id. If Commissioner meets that burden, the claimant must prove he cannot perform the alternate work. Id.

In support of his claim concerning diabetic neuropathy, plaintiff argued that evidence of neuropathy that plaintiff presented to the Appeals Council after the ALJ had issued his opinion established that plaintiff had neuropathy and that the new evidence was sufficient to render the ALJ's severity determination erroneous.

B.   The Commissioner's Response Brief

In response, the Commissioner argued that there was substantial evidence to support the ALJ's finding that plaintiff had failed to meet his step two burden of showing that his impairments, singly or in combination, were severe. The Commissioner emphasized that "[t]he ALJ may discount a claimant's subjective complaints if inconsistencies exist, as here, between the alleged impairments and the evidence as a whole," highlighted such inconsistencies, and concluded that "the medical findings [relied upon by petitioner] do not support Salmond's allegations of severe mental impairments." Doc. 39 at 5-6. In doing so, the Commissioner addressed each of the opinions of a medical expert offered on plaintiff's behalf, demonstrated that the ALJ considered each opinion, and supported the ALJ's decision to discount certain of the opinions on the basis that they were

5

overly reliant on plaintiff's subjective self-reporting of his impairment, explaining that:

> The evidence, consisting of Salmond's medical records, treatment history, activities of daily living, and other activities, contradicts Salmond's allegations that his impairments were severe and disabling. Thus, the ALJ appropriately accorded greater credence to the weight of the medical evidence than to Salmond's subjective complaints, and found his mental impairments were not severe or disabling.

Id. at 17.

The Commissioner pointed out that plaintiff's additional evidence of diabetic neuropathy, which was dated after the ALJ's decision, was immaterial. The Commissioner added that the evidence was nonetheless insufficient to contradict, or change, the ALJ's finding that plaintiff's diabetes was not severe. Id. at 18.

C.  The FC&R

The Magistrate Judge identified in the FC&R the issues to be decided as follows:

> A.  Whether the ALJ erred in not finding that Salmond's mental impairment was severe at Step Two; and
>
> B.  Whether the ALJ erred in not finding Salmond's diabetic neuropathy impairment was severe at Step Two.

Doc. 40 at 4.

In resolving to recommend remand, the Magistrate Judge found that the ALJ's conclusion that plaintiff's mental impairment was not severe was not supported by substantial evidence. The Magistrate Judge's recommendation relative to plaintiff's neuropathy claims was worded as follows:

> While the mere presence or diagnosis of some impairment is not disabling per se, see Hames v. Heckler, 707 F.2d 162, 165 (5th Cir. 1983), the new evidence that Salmond submitted to the Appeals Council after the ALJ decision does raise an issue that Salmond's diabetes may now have some impact on his ability to work. Because the Court is remanding the case for the ALJ to reconsider its decision at Step Two regarding Salmond's mental impairments, the ALJ should take another look at the severity of Salmond's diabetes impairment as well.

Doc. 40 at 12.

D.   The Commissioner's Response to the FC&R

While the Commissioner noted that the ALJ did not cite to Stone v. Heckler, 752 F.2d 1099 (5th Cir. 1985), or a similar case in support of his standard for determining severity, the Commissioner pointed out that the ALJ applied the proper standard for determining whether plaintiff's disability was severe and properly found that plaintiff's impairments, alone or in combination, were not severe within the meaning of the Act. The Commissioner first examined the framework used by the ALJ and argued that any technical misapplication of the framework was harmless error. Doc. 42 at 2-3. The Commissioner thoroughly

examined the medical testimony and the ALJ's analysis of such testimony, id. at 4-7, in the course of reaching her conclusion that the ALJ's severity findings were supported by substantial evidence. Finally, the Commissioner urged that plaintiff had failed to meet his burden of showing that plaintiff's new evidence of diabetic neuropathy would have been material to the ALJ's ultimate findings. Id. at 7-8.

E.   Plaintiff's Reply to Commissioner's Response to the FC&R

In his reply brief, plaintiff argued for the very first time that the failure of the ALJ to cite to Stone v. Heckler when explaining the standard he used to determine severity was an error that provided yet another basis for remand. Additionally, plaintiff reurged that his diabetic neuropathy was established for purposes of his disability claim.

III.

Analysis

A.   Standard of Review

Judicial review of the decision of the Commissioner that an individual is not disabled is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with relevant legal standards. See Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir. 1992). "The Commissioner's decision is granted

8

great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995).

B.  The ALJ Applied the Correct Severity Legal Standard

The language on which plaintiff relies in his reply brief for his suggestion that the ALJ's failure to refer to Stone v. Heckler when describing the severity standard he used undoubtedly was inspired by the following language in the Stone v. Heckler opinion:

> In view of both the Secretary's position in this case and our recent experience with cases where the disposition has been on the basis of nonseverity, we will in the future assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, <u>or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used</u>.

752 F.2d at 1106 (emphasis added).

Plaintiff and Commissioner both failed to give effect to the "or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used" alternative given by the

Fifth Circuit in <u>Stone</u>. The severity standard mandated by <u>Stone</u> was as follows:

> An impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

<u>Stone v. Heckler</u>, 752 F.2d at 1101 (brackets and internal quotation marks omitted). The ALJ made an express statement of the severity standard he used that was essentially the same standard the Fifth Circuit gave to the regulation in <u>Stone</u>, thus satisfying <u>Stone's</u> requirement. Doc. 32 at 26 (item 4) & 27.

Moreover, even if there were some technical shortcoming in the ALJ's description of the severity standard he used, it would not lead to a remand because it would not constitute a harmful error, <u>see</u> <u>Audler v. Astrue</u>, 501 F.3d 446, 448-49 (5th Cir. 2007), and for the reason that technical errors such as those cannot provide a basis for a remand. <u>See</u> <u>Taylor v. Astrue</u>, 706 F.3d 600, 602-03 (5th Cir. 2012).

Thus, plaintiff's belatedly asserted contention of a reversible legal error based on <u>Stone v. Heckler</u> fails. The decision of the ALJ shows that he utilized the proper sequential evaluation process and used the appropriate standard for

determining whether plaintiff had a severe impairment or combination of impairments. Doc. 32 at 25-27.

C. <u>Substantial Evidence Supports the ALJ's Decision</u>

    1. <u>The Substantial-Evidence Standard to Be Applied</u>

The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. <u>Carrier v. Sullivan</u>, 944 F.2d 243, 247 (5th Cir. 1991) (per curiam); <u>Carry v. Heckler</u>, 750 F.2d 479, 482 (5th Cir. 1985). The court's role is to "scrutinize the record in its entirety to determine whether substantial evidence supports" the Commissioner's findings. <u>Randall v. Sullivan</u>, 956 F.2d 105, 109 (5th Cir. 1992) (citing <u>Ransom v. Heckler</u>, 715 F.2d 989, 992 (5th Cir. 1983) (per curiam)). If supported by substantial evidence, the Commissioner's findings are deemed conclusive, and the court must accept them. <u>See</u> <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971). "The role of the courts in this quintessentially administrative process is extremely narrow and the Commissioner's decision is entitled to great deference." <u>Leggett v. Chater</u>, 67 F.3d 558, 564 (5th Cir. 1995); <u>Lewis v. Weinberger</u>, 515 F.2d 584, 586 (5th Cir. 1975).

The determination of whether there is substantial evidence to support the fact findings of the Commissioner does not involve

reweighing the evidence, or trying the issues de novo. <u>Ripley</u>, 67 F.3d at 555. The court cannot substitute its own judgment for that of the Commissioner. <u>Neal v. Bowen</u>, 829 F.2d 528, 530 (5th Cir. 1987) (per curiam); <u>Chaparro v. Bowen</u>, 815 F.2d 1008, 1010 (5th Cir. 1987) (per curiam); <u>Milam v. Bowen</u>, 782 F.2d 1284, 1286 (5th Cir. 1986). There will not be a finding of "no substantial evidence" unless "there is a conspicuous absence of credible choices." <u>Harrell v. Brown</u>, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam).

Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept to support a conclusion." <u>Ripley v. Chater</u>, 67 F.3d 552, 555 (5th Cir. 1995); <u>Greenspan v. Shalala</u>, 38 F.3d 232, 236 (5th Cir. 1994). Also basic is the claimant's burden of proof; as the Fifth Circuit reminded in <u>Hames v. Heckler</u>: "[i]t must be remembered that an individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability." 707 F.2d 162, 165 (5th Cir. 1983) (per curiam) (citations omitted). <u>See also</u> <u>Mays v. Bowen</u>, 837 F.2d at 1364; <u>Shearer v. Astrue</u>, 2008 WL 5136949, at *3, No. 4:07-CV-552-A (N.D. Tex. Dec. 5, 2008).

## 2. There Was an Abundance of Evidence to Support the ALJ's Severity Finding

The ALJ began his discussion of the severity issue by affirming that he fulfilled his obligation to consider the complete record, stating:

> In reaching the conclusion that the claimant's impairments are only slight abnormalities which have such a minimal effect on the claimant that they would not be expected to interfere with his ability to work irrespective of age, education, or work experience, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. I have also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Doc. 32 at 27. He concluded his discussion of the severity issue with the following summations:

> In sum, the record as a whole supports a conclusion that the claimant does not have a severe impairment or combination of impairments.
>
> Because the claimant has medically determinable mental impairments, I have considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria. For the reasons discussed above, I find the claimant has no limitation in the first functional area, activities of daily living; mild limitation in the second and third functional areas, social functioning and concentration, persistence, or pace; and has experienced no episodes of decompensation of extended duration in the fourth

13

> functional area. Because the claimant's mental impairments cause no more than "mild" limitation in any of the first three functional areas and "no" episodes of decompensation of extended duration in the fourth area, they are nonsevere (20 CFR 404.1520a(d)(1) and 416. 920a( d)( 1)).

Id. at 33.

Between the beginning and concluding comments of the ALJ on the severity issue, as set forth above, the ALJ devoted six pages of a detailed analysis of the evidence, primarily directing his attention to evidence bearing on the severity issue, including evidence contradicting, or consistent with, evidence that might be viewed to be supportive of a finding of severity. Id. at 27-33. The analysis conducted by the ALJ on those pages is self-explanatory, and nothing would be gained by a detailed review of the analysis in this memorandum opinion. Suffice to say, the court is satisfied that the ALJ correctly concluded that there was significant, and substantial, evidence to rebut any and all of the evidence tending to support plaintiff's claim. The ALJ pointed out repeated inconsistencies, and repeated shortcomings, in plaintiff's claims and the medical records presented in support of plaintiff's severity contention. The court is satisfied that the record before the ALJ supports the statements he made in his analysis.

If the court were to adopt the recommendation of the magistrate judge, the court would find itself in the position of reweighing the evidence, and trying the issues de novo, and substituting the court's own judgment for that of the Commissioner.  As noted above, the court is not permitted to do that.  Moreover, the ALJ's opinion and the record before the ALJ gives the court no reason to think that a reweighing of the evidence, or the trying of the issue de novo, would result in an outcome different from that reached by the ALJ.

Therefore, the court has concluded that the ALJ's finding that plaintiff does not have a severe impairment or combination of impairments is supported by substantial evidence and is to be affirmed.  The court's conclusion disposes adversely to plaintiff the first of the two issues he presented to the court for resolution.  Supra at 3.

D.  Plaintiff's New Evidence of Diabetic Neuropathy Is Not a Basis for a Remand

The second issue plaintiff presented for resolution in his brief before the magistrate judge was that the new evidence adduced by plaintiff of diabetic neuropathy warrants remand for proper consideration.  Supra at 3.  The tentative nature of plaintiff's definition of this issue is matched by the tentative nature of the following reasons given by the magistrate judge for

15

suggesting that the court order the ALJ on remand to take another look at the severity of plaintiff's diabetes impairment:

> While the mere presence or diagnosis of some impairment is not disabling per se, the new evidence that Salmond submitted to the Appeals Council after the ALJ decision does raise an issue that Salmond's diabetes may now have some impact on his ability to work. Because the Court is remanding the case for the ALJ to reconsider its decision at Step Two regarding Salmond's mental impairments, the ALJ should take another look at the severity of Salmond's diabetes impairment as well.

Doc. 40 at 12 (footnote omitted).

Such a reconsideration is inappropriate when, as here, substantial evidence before the ALJ revealed that plaintiff's diabetes was not severe during the relevant period for determining plaintiff's eligibility for benefits. To allow further consideration of such impairment cannot be reconciled with the heavily deferential framework for reviewing decisions of the Commissioner.

Moreover, the evidence upon which plaintiff and the magistrate judge relied in suggesting that diabetic neuropathy be considered on a remand has no relevance to the issues decided by Commissioner. Plaintiff relies on a Medical Assessment of Ability to Do Work-Related Activities ("MEM") that was conducted in the year 2015. Doc. 34 at 1290-1311. The neuropathy of which plaintiff complained at that time did not exist during the time

16

period relevant to the decision of the ALJ, as affirmed by Commissioner.

E. Conclusion

For the reasons given above, the court concludes that the magistrate judge's recommendations of reversal and remand should be rejected. The court disapproves of all proposed findings and conclusions of the magistrate judge that are inconsistent with this memorandum opinion. The court concludes that all arguments made by plaintiff in support of the issues he presents in his brief are without merit.

IV.

Order

Therefore,

The court ORDERS the decisions of the Commissioner that, based on the application for a period of disability and disability insurance benefits protectively filed by plaintiff on May 13, 2013, plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act, and that, based on the application for supplemental security income protectively filed by plaintiff on May 13, 2013, plaintiff is not disabled under

17

section 1614(a)(3)(A) of the Social Security Act, be, and are hereby, affirmed.

SIGNED December 27, 2016.

JOHN McBRYDE
United States District Judge

18